UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**PAMELA HANCOCK,**

    **Plaintiff,**

v.                                                    Case No: 5:12-cv-140-Oc-PRL

**COMMISSIONER OF SOCIAL SECURITY**

    **Defendant.**

## ORDER

This case is before the Court for consideration of Counsel's Unopposed Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b). (Doc. 24). Petitioners Chantal Harrington and Elizabeth Stakenborg request a fee award of $17,288.20. Petitioners state that, upon receipt of such payment, they will refund the previously awarded EAJA fee of $4,091.91 to Plaintiff.

On January 25, 2013, the Court entered an order pursuant to sentence four of 42 U.S.C. § 405(g) reversing and remanding the case to the Social Security Administration for further proceedings. (Doc. 20). Judgment was entered accordingly. (Doc. 21). Subsequently, the Court entered an order awarding attorney's fees to Plaintiff under the Equal Access to Justice Act ("EAJA") in the sum of $4,091.91. (Doc. 23). Ultimately, on remand, Plaintiff was awarded past due benefits from March 2009. (Doc. 24-4). According to the Notice of Award, the total amount withheld for attorneys' fees was $17,288.20. (Doc. 24-4).

In support of their motion, Petitioners have provided the fee agreement. (Doc. 24-3). Petitioners also state that the Commissioner is not opposed to the requested fees under 42 U.S.C. § 406(b). Petitioners acknowledge that they must refund Plaintiff the previously awarded EAJA

- 2 -

fee award because it is the smaller of the two awards.  *See* Public Law 99-80, §3, 99 Stat. 183, 186 (1985).

Under 42 U.S.C. § 406(b)(1), an attorney, as here, who successfully represents a Social Security claimant in court may be awarded as part of the judgment "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits" awarded to the claimant.  The fee is payable "out of, and not in addition to, the amount of [the] past-due benefits." 42 U.S.C. Sec 406(b)(1).  As required by *Gisbrecht v. Barnhardt,* 535 U.S. 789, 808 (2002) - the Supreme Court's pronouncement concerning the award of 406(b) fees - courts should approach contingent-fee determinations by first looking to the agreement between the attorney and the client, and then testing that agreement for reasonableness.  "A contingent-fee agreement is not per se reasonable.  Deference should be given, however, to the 'freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate ... and of an attorney's willingness to take the case despite the risk of nonpayment." *Joslyn v. Barnhart*, 389 F.Supp.2d 454, 456 (W.D. N.Y. 2005).  As such, when a court is called upon to assess the reasonableness of the award, a court should balance the interest in protecting claimants from inordinately large fees against the interest in ensuring that attorneys are adequately compensated so that they continue to represent clients in disability benefits cases.  *Gisbrecht*, 535 U.S. at 805.  In making this reasonableness determination, the Supreme Court highlighted several important factors including: (1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved;" (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and (3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor.  *Id.* at 808.

Here, the Court finds that the requested attorney's fees are reasonable. The requested fee will not result in a windfall for counsel – i.e., that counsel is receiving compensation they are not entitled to and that payment of the compensation would be unfair or detrimental to Plaintiff. The Court notes that this has been a lengthy case. Further, the Commissioner does not oppose the attorney fee award requested by Plaintiff.

Accordingly, for these reasons, the Motion (Doc. 24) for Attorneys' Fees Under 42 U.S.C. § 406(b) is **GRANTED**. **Section 406(b)(1) fees are approved for Petitioners Chantal Harrington and Elizabeth Stakenborg, in amount of $17,288.20**, to be paid out of Plaintiff's past due benefits currently being withheld by the Social Security Administration. **Upon receipt, Petitioners shall refund to Plaintiff $4,091.91, the amount of EAJA fees that previously were awarded to counsel by this Court.**

**DONE** and **ORDERED** in Ocala, Florida on April 25, 2016.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties